Stephen Kerr Eugster
eugster@eugsterlaw.com
Eugster Law Office PSC
2418 West Pacific Avenue
Spokane, Washington 99201-6422
Telephone: +1.509.624.5566
Facsimile: +1.866.565.2341
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STEPHEN KERR EUGSTER,<br><br>Plaintiff,<br><br>vs.<br><br>WASHINGTON STATE BAR ASSOCIATION, a Washington association (WSBA); ANTHONY GIPE, President, WSBA, in his official capacity; WILLIAM D. HYSLOP, President-elect, WSBA, in his official capacity; PATRICK A. PALACE, Immediate Past President, WSBA, in his official capacity; and PAULA LITTLEWOOD, Executive Director, WSBA, in her official capacity;<br>and | No.<br><br>COMPLAINT FOR DECLARATORY RELIEF |

WASHINGTON SUPREME COURT; BARBARA MADSEN, Chief Justice, in her official capacity; CHARLES JOHNSON, Associate Chief Justice, in his official capacity; SHERYL GORDON MCCLOUD, Justice, in her official capacity; CHARLES WIGGINS, Justice, in his official capacity; STEVEN GONZÁLEZ, Justice, in his official capacity; MARY YU, Justice, in her official capacity; MARY FAIRHURST, Justice, in her official capacity; SUSAN OWENS, Justice, in her official capacity; and DEBRA STEPHENS, Justice, in her official capacity,

Defendants.

Stephen Kerr Eugster, Plaintiff, alleges as follows:

## NATURE OF THE CLAIMS

1. This civil rights action seeks injunctive and declaratory relief to redress and prevent the deprivation of Plaintiff's rights against compelled association and compelled speech protected by the First and Fourteenth Amendments to the United States Constitution by practices and policies of Defendants acting under color of state law.

2. Specifically, those rights have been violated by Plaintiff's compelled membership in the Washington State Bar Association ("WSBA"), which is a prerequisite to the ability to practice law in the state of Washington. Specifically, those rights have been violated by Defendants because the imposition of mandatory dues as a condition of membership to the WSBA violates Plaintiff's right not to associate with the WSBA and Plaintiff's right of freedom



Eugster Law Office PSC
2418 West Pacific Avenue
Spokane, Washington 99201-6422
(509) 624-5566 / Fax (866) 565-2341
eugster@eugsterlaw.com

of speech.

3. Specifically, those rights have been violated by Plaintiff's compelled support of activities of WSBA, which are not germane to the purposes of the WSBA.

**JURISDICTION AND VENUE**

4. Plaintiff brings this civil rights lawsuit pursuant to the First and Fourteenth Amendments to the United States Constitution. Because this action arises under the Constitution and laws of the United States, this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

5. This is also an action under the Civil Rights Act of 1871, specifically 42 U.S.C. § 1983, to redress the deprivation, under color of state law, of rights, privileges, and immunities secured to Plaintiff by the Constitution of the United States, particularly the First and Fourteenth Amendments thereto. The jurisdiction of this Court, therefore, is also invoked under 28 U.S.C. § 1343(a)(3), (4).

6. This is also a case of actual controversy because Plaintiff seeks a declaration of his rights under the Constitution of the United States. Under 28 U.S.C. §§ 2201 and 2202, this Court may declare the rights of Plaintiff and grant further necessary and proper relief, including injunctive relief, pursuant to Fed. R. Civ. P. 65.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because it is the judicial district where Defendants reside, and "in which a substantial part of the events or omissions



Eugster Law Office PSC
2418 West Pacific Avenue
Spokane, Washington 99201-6422
(509) 624-5566 / Fax (866) 565-2341
eugster@eugsterlaw.com

giving rise to the claim occurred." 28 U.S.C. §§ 1391(b), 124(d)(1).

**PARTIES**

8. Plaintiff Stephen K. Eugster, is a citizen of the United States and a resident of the state of Washington. Plaintiff is also a duly licensed attorney under the laws of Washington and, as required by RCW 2.48.170, is a member of the WSBA, which is a mandatory prerequisite to the ability to practice law in the State of Washington.

9. Plaintiff made his attorney's oath and was sworn in to the bar of Washington Supreme Court by Associate Justice William O. Douglas at the United States Supreme Court in Washington, D.C., January of 1970.

10. As an active member of the WSBA, Plaintiff has paid required mandatory dues to the WSBA since he was admitted to practice law in 1970.

11. Defendant WSBA is an association created by the Washington State Bar Act, RCW Ch. 2.48.

12. Defendant WSBA is headquartered in Seattle, Washington, and conducts its business and operations throughout the State of Washington.

13. Defendant WSBA is a "mandatory" or "integrated" bar association as described in *Keller v. State Bar of California*, 496 U.S. 1, 5 (1990). That is, all attorneys must join the WSBA and pay mandatory bar dues as a condition of practicing law in the state of Washington.

14. Defendant WSBA is currently enforcing the unconstitutional practices and policies



Eugster Law Office PSC
2418 West Pacific Avenue
Spokane, Washington 99201-6422
(509) 624-5566 / Fax (866) 565-2341
eugster@eugsterlaw.com

complained of in this action.

15. Defendant, Anthony Gipe, is a resident of the state of Washington and is President of the WSBA.

16. Defendant Gipe is currently implementing and enforcing the unconstitutional practices and policies complained of in this action. Defendant Gipe is sued in his official capacity.

17. Defendant William D. Hyslop, is the President-elect, WSBA;

18. Defendant William D. Hyslop is currently implementing and enforcing the unconstitutional practices and policies complained of in this action. Defendant Hyslop is sued in his official capacity is sued in his official capacity.

19. Defendant Patrick A. Palace, is the Immediate Past President, WSBA;

20. Defendant Palace is currently implementing and enforcing the unconstitutional practices and policies complained of in this action. Defendant Palace is sued in his official capacity.

21. Defendant Paula Littlewood, is the Executive Director, WSBA.

22. Defendant Littlewood is currently implementing and enforcing the unconstitutional practices and policies complained of in this action. Defendant Littlewood is sued in her official capacity.

23. Defendant Washington State Supreme Court is the Supreme Court of the State of Washington created as such by Wash. Const. Art. IV, § 1.



Eugster Law Office PSC
2418 West Pacific Avenue
Spokane, Washington 99201-6422
(509) 624-5566 / Fax (866) 565-2341
eugster@eugsterlaw.com

24. Defendant Supreme Court is headquartered in Olympia, Washington, and conducts its business and operations throughout the State of Washington

25. Each of the Defendant Justices are justices of the Washington Supreme Court. Each such Defendant Justice is currently implementing and enforcing the unconstitutional practices and policies complained of in this action. Each such Defendant Justice is sued in his or her official capacity.

**CONSTITUTIONAL STANDARDS**

26. Under 42 U.S.C. § 1983, every person who, under color of state law, subjects any citizen of the United States to the deprivation of "rights, privileges, or immunities secured by the Constitution and laws," shall be liable to the injured party.

27. The First Amendment protects not only the freedom to associate, but the freedom not to associate; and it protects not only the freedom of speech, but the freedom to avoid subsidizing group speech with which an individual disagrees. *Knox* v. *Service Employees Intern. Union*, 132 S. Ct. 2277, 2288–89 (2012) citing *Roberts v. United States Jaycees*, 468 U. S. 609, 623 (1984) ("Freedom of association therefore plainly presupposes a freedom not to associate."); *Kingstad* v. *State Bar of Wisconsin*, 622 F.3d 708, 712– 13 (7th Cir. 2010).

28. Unless specific procedural protections are in place, an individual's rights against compelled speech and compelled association are violated when a mandatory bar uses mandatory member dues for purposes not germane to regulating the legal profession or improving the



Eugster Law Office PSC
2418 West Pacific Avenue
Spokane, Washington 99201-6422
(509) 624-5566 / Fax (866) 565-2341
eugster@eugsterlaw.com

quality of legal services. *Keller v. State Bar of California*, 496 U.S. 1, 13–14 (1990); *Kingstad*, 622 F.3d at 712–13; *see also Knox*, 132 S. Ct. at 2295–96; *Abood v. Detroit Board of Education*, 431 U.S. 209, 235 (1977).

29. Any activities that are not "germane" to the bar association's purposes of regulating the legal profession and improving the quality of legal services, including political and ideological activities, are "non-chargeable activities." *Keller*, 496 U.S. at 14; see also *Kingstad*, 622 F.3d at 718–19; *Romero v. Colegio de Abogados de Puerto Rico*, 204 F.3d 291, 302–03 (1st Cir. 2000).

**FACTUAL ALLEGATIONS**

30. The WSBA is a mandatory bar. WSBA, RCW Ch. 2.48. As such, it is unlawful for a person to practice law in the State of Washington unless such person is a member of the WSBA. RCW 2.48.170. The WSBA thus acts under color of state law to collect mandatory dues from WSBA members. Id.

31. Defendant Washington State Supreme Court regards Defendant WSBA as its agent. The Supreme Court has determined that "the bar association . . . is an association that "is sui generis, many of whose important functions are directly related to and in aid of the judicial branch of government. [citation omitted]." *Graham v. State Bar Association*, 86 Wn.2d 624, 632, 548 P.2d 310 (1976). "The power to accomplish the integration of the bar, its supervision and regulation is found first in this court, not the legislature." *Id.*

32. Defendant Washington State Supreme Court under General Rule (GR) 12.2 has



Eugster Law Office PSC
2418 West Pacific Avenue
Spokane, Washington 99201-6422
(509) 624-5566 / Fax (866) 565-2341
eugster@eugsterlaw.com

delegated to the Washington State Bar Association the authority and responsibility to administer certain boards and committees established by court rule or order. This delegation of authority includes providing and managing staff, overseeing the boards and committees to monitor their compliance with the rules and orders that authorize and regulate them, paying expenses reasonably and necessarily incurred pursuant to a budget approved by the Board of Governors, performing other functions and taking other actions as provided in court rule or order or delegated by the Supreme Court, or taking other actions as are necessary and proper to enable the board or committee to carry out its duties or functions.

33. Defendant Washington State Supreme Court under General Rule (GR) 12.1 has designated the purposes of the WSBA and the limitations on purposes of the WSBA.

**FIRST CLAIM FOR RELIEF**

**The Right of Non-association**

34. Plaintiff realleges and incorporates by reference each and every allegation set forth above.

35. Plaintiff is compelled to be a member of the WSBA and to pay the dues levied by the WSBA in order to practice law in the state of Washington and to appear in the courts of the state of Washington.

36. Such compulsions constitute compelled speech and association in violation of Plaintiff's rights under the First and Fourteenth Amendments.



Eugster Law Office PSC
2418 West Pacific Avenue
Spokane, Washington 99201-6422
(509) 624-5566 / Fax (866) 565-2341
eugster@eugsterlaw.com

37. The issue of whether mandatory membership in an integrated bar association violates a lawyer's First and Fourteenth Amendments rights has yet to be determined. In *Harris v. Quinn*, 573 US ___, 134 S. Ct. 2618, 2629 (2014), Justice Samuel Alito, writing for the majority, said "[T]he Court [has] never previously held that compulsory membership in and the payment of dues to an integrated bar was constitutional, <u>and the constitutionality of such a requirement was hardly a foregone conclusion</u>." (Emphasis added.) The case of *Lathrop v. Donohue*, 367 U.S. 820 (1961) (a plurality decision) did not reach the question whether mandatory membership in an integrated bar association was a violation of an attorney's First and Fourteenth Amendments rights.

38. Mandatory association is permissible under the First and Fourteenth Amendments only if it serves a compelling state interest that cannot be achieved through means significantly less restrictive of associational freedoms. *Knox* v. *Service Employees International Union*, at 10, 132 S.Ct. 2277 (2012), citing *Roberts v. United States Jaycees*, 468 U. S. 609, 623 (1984) ("Freedom of association therefore plainly presupposes a freedom not to associate.")

39. Plaintiff does not wish to associate with the WSBA because its primary purpose is the WSBA Washington Lawyer Discipline System (Discipline System or System). The WSBA's major attention, its major use of bar membership resources – more than 48% – is to the WSBA Washington Lawyer Discipline System.

40. There are significant problems with the System, some of which are described as



Eugster Law Office PSC
2418 West Pacific Avenue
Spokane, Washington 99201-6422
(509) 624-5566 / Fax (866) 565-2341
eugster@eugsterlaw.com

follows:

a. It is questionable that an association which exists to assist its members in their efforts to practice law has as its primary function the object of member discipline, suspension and disbarment. This, to Plaintiff, is an obvious conflict of interest on the part of the WSBA and the Supreme Court.

b. Plaintiff also contends that WSBA Washington Lawyer Discipline System does not comply with substantive due process of law guaranteed to members of the WSBA because the system is controlled entirely by the WSBA – from discipline counsel prosecutors to the hearing officers and discipline board members.

c. The Washington Supreme Count has the final say on matters of suspension and disbarment, however, given the presumptions and deference given by the Court to System hearing officers and the members of the Disciplinary Board, it is highly unlikely that a lawyer suspended or disbarred by the System will have his case overturned.

d. Plaintiff does not want to associate with the WSBA and the Court regarding the present System because it devotes nearly all of its disciplinary efforts on single or very small firm lawyers. This is decidedly unfair.

e. Plaintiff does not want to be a member of the WSBA because it has combined the prosecutorial and judicial function under the authority of the WSBA.

f. There is no way a lawyer can have the Washington Lawyer Discipline System



Eugster Law Office PSC
2418 West Pacific Avenue
Spokane, Washington 99201-6422
(509) 624-5566 / Fax (866) 565-2341
eugster@eugsterlaw.com

reviewed by a federal court. The likelihood that a petition for writ of certiorari being granted is almost zero. And, there is no real opportunity to have a United States District Court review the System due the impacts of the Younger Abstention Doctrine *(Younger v. Harris*, 401 U.S. 37 (1971)), and the Rooker Feldman Doctrine ( *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)).

41. The attorney regulatory function could be performed by entities which do not require a lawyer's mandatory membership. Resources for such functions could be imposed by order of the Supreme Court.

42. Accordingly, Defendants currently maintain and actively enforce a set of laws, customs, practices, and policies under color of state law that deprive Plaintiff of rights, privileges and/or immunities secured by the First and Fourteenth Amendments, and, therefore, Defendants are liable to Plaintiff under 42 U.S.C. § 1983.

43. Plaintiff has no adequate legal remedy by which to prevent or minimize the continuing irreparable harm to his constitutional rights.

44. Plaintiff is therefore entitled to declaratory and permanent injunctive relief. 28 U.S.C. §§ 2201, 2202.

**SECOND CLAIM FOR RELIEF**

**Compelled Dues for Non-Chargeable Activities**

**First and Fourteenth Amendments**

45. Plaintiff realleges and incorporates by reference each and every allegation set forth



Eugster Law Office PSC
2418 West Pacific Avenue
Spokane, Washington 99201-6422
(509) 624-5566 / Fax (866) 565-2341
eugster@eugsterlaw.com

above.

46. Plaintiff asserts that his dues may only be used for chargeable activities, that is, activities must (1) be "germane" to the purposes of the institution; (2) be justified by a vital policy of the government which cannot be fulfilled other than by forced membership; and (3) not significantly add to the burdening of free speech that is inherent government compelled speech and association.

47. Defendants may contend that Plaintiff cannot bring this claim because the matter is resolved by the "WSBA Keller Deduction."

48. The Keller Deduction is described as follows:

> In a U.S. Supreme Court case, *Keller v. State Bar of California*, the Court ruled that a bar association may not use mandatory member fees to support political or ideological activities that are not reasonably related to the regulation of the legal profession or improving the quality of legal services. The bar is required to identify that portion of mandatory license fees that go to such "nonchargeable" activities and establish a system whereby objecting members may either deduct that portion of their fees or receive a refund. This year (2015), objecting members may deduct up to $4.40 if paying $325; $2.20 if paying $162.50; $2.71 if paying $200; $1.10 if paying $81.25; or $0.68 if paying $50.[1]

49. The Keller Deduction applies only to "fees to support political or ideological activities that are not reasonably related to the regulation of the legal profession or improving the quality of legal services." It does not apply to other non-chargeable activities. The Keller

[1] WSBA Website http://www.wsba.org/Licensing-and-Lawyer-Conduct/-Annual-License-Renewal/Keller-Deduction.



Eugster Law Office PSC
2418 West Pacific Avenue
Spokane, Washington 99201-6422
(509) 624-5566 / Fax (866) 565-2341
eugster@eugsterlaw.com

Deduction was limited to "those activities having political or ideological coloration which are not reasonably related to the advancement" [of the] "the regulation of the legal profession." *Keller*, 496 U.S. at 16. Justice Samuel Alito, writing for the majority in said this about the impact of *Harris v. Quinn* on the holding in *Keller*:

> In *Keller*, we considered the constitutionality of a rule applicable to all members of an "integrated" bar, i.e., "an association of attorneys in which membership and dues are required as a condition of practicing law." 496 U. S., at 5. We held that members of this bar could not be required to pay the portion of bar dues used for political or ideological purposes but that they could be required to pay the portion of the dues used for activities connected with proposing ethical codes and disciplining bar members. Id., at 14.

*Harris V. Quinn*, 134 U.S. __ at ____ 134 S.Ct. 2618, at 2644 ___ (2014).

50. *Keller* used *Abood* to reach the foregoing rule. *Abood* cannot be used in this case because it is necessary to determine exactly what falls into the category of non-chargeable activities.

51. Furthermore, even if *Abood* is used, the non-chargeable activities can be only for those activities which, as Justice Samuel Alito said are the " activities connected with proposing ethical codes and disciplining bar members."

52. Dues relating to "improving the quality of legal services" have not been tested or described at the present time.

53. As to these, *Abood* should not apply. In *Harris* the court examined and criticized the use of *Abood*. One of the strongest criticisms was this:



Eugster Law Office PSC
2418 West Pacific Avenue
Spokane, Washington 99201-6422
(509) 624-5566 / Fax (866) 565-2341
eugster@eugsterlaw.com

> *Abood* does not seem to have anticipated the magnitude of the practical administrative problems that would result in attempting to classify public-sector union expenditures as either "chargeable" (in Abood's terms, expenditures for "collective-bargaining, contract administration, and grievance-adjustment purposes," id., at 232) or nonchargeable (i.e., expenditures for political or ideological purposes, Id., at 236). In the years since *Abood*, the Court has struggled repeatedly with this issue. *See Ellis v. Railway Clerks*, 466 U. S. 435 (1984); *Teachers v. Hudson*, 475 U. S. 292 (1986); *Lehnert v. Ferris Faculty Assn.*, 500 U. S. 507 (1991); *Locke v. Karass*, 555 U. S. 207 (2009). In *Lehnert*, the Court held that "chargeable activities must (1) be `germane' to collective-bargaining activity; (2) be justified by the government's vital policy interest in labor peace and avoiding `free riders'; and (3) not significantly add to the burdening of free speech that is inherent in the allowance of an agency or union shop." 500 U. S., at 519. But as noted in JUSTICE SCALIA's dissent in that case, "each one of the three `prongs' of the test involves a substantial judgment call (What is `germane'? What is `justified'? What is a `significant' additional burden)." *Id.*, at 551 (opinion concurring in judgment in part and dissenting in part).

*Harris V. Quinn*, 134 U.S. ___ at ____ 134 S.Ct. 2618, at 2632 - 2633 (2014).

54. The First Amendment protects not only the freedom to associate, but the freedom not to associate; and it protects not only the freedom of speech, but the freedom to avoid subsidizing group speech with which an individual disagrees. *Knox v. Service Employees Intern. Union*, 132 U.S. _____, 132 S. Ct. 2277, 2288-89 (2012); *Kingstad v. State Bar of Wisconsin*, 622 F.3d 708, 712- 13 (7th Cir. 2010).

55. Unless specific procedural protections are in place, an individual's rights against compelled speech and compelled association are violated when a mandatory bar uses mandatory member dues for purposes not germane to regulating the legal profession or improving the



Eugster Law Office PSC
2418 West Pacific Avenue
Spokane, Washington 99201-6422
(509) 624-5566 / Fax (866) 565-2341
eugster@eugsterlaw.com

quality of legal services. *Keller*, 496 U.S. at 13-14; *Kingstad,* 622 F.3d at 712-13; *see also Knox*, 132 S. Ct. at 2295-96; *Abood v. Detroit Board of Education*, 431 U.S. 209, 235 (1977).

56. The failure to provide such procedural protections in the first instance violates bar members' Fourteenth Amendment right to procedural due process. *Hudson v. Chicago Teachers Union Local No. 1*, 743 F.2d 1187, 1192-93 (7th Cir. 1984) *aff'd sub nom. Chicago Teachers Union, Local No. 1 v. Hudson*, 475 U.S. 292 (1986).

57. Any activities that are not "germane" to the bar association's dual purposes of regulating the legal profession and improving the quality of legal services, including political and ideological activities, are "non-chargeable activities." *Kelle*r, 496 U.S. at 14; see also *Kingstad,* 622 F.3d at 718-19; *Romero v. Colegio de Abogados de Puerto Rico*, 204 F.3d 291, 302-03 (1st 4:12-cv-03214-RGK Doc # 1 Filed: 10/10/12 Page 6 of 22 - Page ID # 6 Cir. 2000);

58. In the past, *Abood v. Detroit Board of Education*, 431 U.S. 209, 235 (1977) has been used to determine what a non-consenting member should be rebated by the WSBA for political or ideological speech.

59. *Abood* does not apply in this case as to the determination of what are the non-chargeable activities of the WSBA which use dues compelled by WSBA against Plaintiff's interests.

60. When mandatory member dues are used for non-chargeable activities, the bar association is required to establish procedures that satisfy three requirements: (a) proper notice



Eugster Law Office PSC
2418 West Pacific Avenue
Spokane, Washington 99201-6422
(509) 624-5566 / Fax (866) 565-2341
eugster@eugsterlaw.com

to members, including an adequate explanation of the calculations of all non-chargeable activities; (b) a reasonably prompt decision by an impartial decision maker once a member makes an objection to the manner in which his or her mandatory member dues are being spent; and (c) an escrow for the amounts reasonably in dispute while such challenges are pending. *Keller*, 496 U.S. at 14; *Hudson*, 475 U.S. at 306-08.

61. Defendants bear the burden of proving that expenditures are germane and chargeable. *Hudson*, 475 U.S. at 306; *see also Lehnert v. Ferris Faculty Ass'n*, 500 U.S. 507, 524 (1991) (emphasizing that, "as always, the union bears the burden of proving the proportion of chargeable expenses to total expenses").

62. Chargeable activities must (1) be "germane" to purposes of the WSBA; (2) be justified by the government's vital policy interest in regulating attorneys; and (3) not significantly add to the burdening of free speech. *In re Petition for Rule to Create Vol. State Bar Assn.*, 286 Neb. 1018, 1032 - 1033, 841 N.W.2d 167 (2013).

63. Accordingly, Defendants currently maintain and actively enforce a set of laws, customs, practices, and policies under color of state law that deprive Plaintiff of rights, privileges and/or immunities secured by the First and Fourteenth Amendments, and, therefore, Defendants are liable to Plaintiff under 42 U.S.C. § 1983.

64. Plaintiff has no adequate legal remedy by which to prevent or minimize the continuing irreparable harm to his constitutional rights.



Eugster Law Office PSC
2418 West Pacific Avenue
Spokane, Washington 99201-6422
(509) 624-5566 / Fax (866) 565-2341
eugster@eugsterlaw.com

65. Plaintiff is therefore entitled to declaratory and permanent injunctive relief. 28 U.S.C. §§ 2201, 2202.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Stephen K. Eugster, respectfully requests the following relief:

1. Entry of judgment declaring that Plaintiff has First Amendment right against compelled speech and compelled association, and therefore has a constitutional right to not to be a member of the WSBA in order to practice law in the state of Washington;

2. Entry of judgment declaring that Plaintiff has First Amendment rights against compelled speech and compelled association, and therefore has a constitutional right to prevent Defendants from using his member dues on non- chargeable activities of the WSBA;

3. Entry of judgment declaring that the Washington State Bar Association is unconstitutional in violation fo the First and Fourteenth Amendments because it compels its members to pay dues for purposes which are not germane to the ethics and regulatory purposes of a integrated bar association.

4. Award Plaintiff his costs, expenses, and attorneys' fees in accordance with law, including 42 U.S.C. § 1988; and

5. Award Plaintiff such further relief as is just and equitable.

DATED March ____, 2015.



Eugster Law Office PSC
2418 West Pacific Avenue
Spokane, Washington 99201-6422
(509) 624-5566 / Fax (866) 565-2341
eugster@eugsterlaw.com

Respectfully submitted,

EUGSTER LAW OFFICE PSC

s/ Stephen K. Eugster

Stephen Kerr Eugster, WSBA # 2003
2418 West Pacific Avenue
Spokane, Washington 99201-6422



Eugster Law Office PSC
2418 West Pacific Avenue
Spokane, Washington 99201-6422
(509) 624-5566 / Fax (866) 565-2341
eugster@eugsterlaw.com